CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 29, 2025

LAURA A. AUSTIN, CLERK
BY:
  s/A. Beeson
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| Matthew E. Billips, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:24-cv-00886 |
| | ) | |
| Chadwick Dotson, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Matthew E. Billips, a Virginia inmate proceeding *pro se*, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) He contends that he was sentenced in 2008 to a "de facto" life sentence while a minor in violation of *Miller v. Alabama*, 567 U.S. 460 (2012), that the parole board has wrongly denied him parole because he contends his sentence is void under *Miller*, and that the parole board has wrongly denied him parole as a result of "false hearings," "false information," and "'rogue' officers." (*Id.* at 5, 7, 8; *see* Dkt. 21 at 1.) He asks for resentencing. (Dkt. 1 at 12.)

### I.  Factual and Procedural History

Defendant filed a motion to dismsiss and memorandum in support thereof (Dkts. 16, 17), to which Billips responded. (Dkt. 19.) Billips also submitted additional documentation (Dkts. 20–22), which the court considered. By Order dated May 23, 2025 (Dkt. 23), the court requested additional briefing on certain issues, which Defendant provided (Dkt. 28). Billips responded to the additional briefing shortly thereafter. (Dkts. 32, 34.)

Billips is currently serving a 95-year total term of confinement, which was imposed while he was a minor by the Circuit Court for Tazewell County for his convictions of two counts of forcible sodomy and one count of criminal solicitation.   (Dkt. 1 §§ 1, 3, 5, 12; Dkt. 21 at 1.)   In 2012 subsequent to Billips's sentencing, the United States Supreme Court decided *Miller v. Alabama*, holding that mandatory life sentences without the possibility of parole for juvenile offenders are unconstitutional.   Thereafter, the Supreme Court held in *Montgomery v. Louisiana*, 577 U.S. 190 (2016), that *Miller* had announced a new substantive rule that should be retroactively applicable to cases on collateral review.   *Id.* at 212.   Therefore, many inmates filed habeas corpus challenges based upon *Miller* if they had been minors when sentenced to a life sentence without the possibility of parole.   Billips filed this challenge, based in part upon *Miller*, on December 19, 2024.   Billips was not sentenced to a life sentence or a mandatory sentence.   But he contends that his 95-year sentence should be regarded as a *de facto* life sentence, entitling him to the protections required in *Miller*.

## II.    Standard of Review

"In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss."   *Walker v. Kelly*, 589 F.3d 127, 138–39 (4th Cir. 2009).   "[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint."   *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).   To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct."   *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   A claim is plausible if the complaint contains

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III.  Analysis

### A. Billips's Claims Arising Under *Miller* Were Not Exhausted as Is Required.

Billips's Petition[1] asserts three claims. The court agrees with Defendant that "Claim 1" is based upon *Miller* and that "Claim 2" is, in part, a restated *Miller* challenge. (*See* Dkt. 1 at 5, 7; Dkt. 20 at 3.) Resolution of Billips's claims pursuant to *Miller* is straightforward because Billips states in the Petition that he has not exhausted any of the claims raised. (Dkt. 1 at 2, 6–9) (indicating that each asserted ground was neither appealed nor presented to the

---

[1] Billips's Petition was served upon Respondent after he submitted a form consenting to the collection of the filing fee. (Dkt. 5.) The court **GRANTS** Billips's request to proceed *in forma pauperis*. (Dkt. 2.)

state court system).   The Fourth Circuit recently summarized the exhaustion requirement as
follows:

> To obtain federal habeas relief, a state prisoner must satisfy the statutory
> requirements of 28 U.S.C. § 2254.   One of those requirements is for the
> petitioner to have "exhausted the remedies available in the courts of the State."
> 28 U.S.C. § 2254(b)(1)(A).   In other words, the state prisoner must first go
> through all available state postconviction proceedings.   This requirement is one
> rooted in comity for state courts and "serves to minimize friction between our
> federal and state systems of justice by allowing the State an initial opportunity
> to pass upon and correct alleged violations of prisoners' federal rights."
> *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).   The
> exhaustion requirement is excused, however, if either "there is an absence of
> available State corrective process," or if "circumstances exist that render such
> process ineffective to protect the rights of the applicant."   28 U.S.C.
> §§ 2254(b)(1)(B)(i)–(ii).

*Hicks v. Frame*, 145 F.4th 408, 415 (4th Cir. 2025).

Federal courts generally cannot consider habeas petitions until the claims asserted have

been exhausted and/or procedurally defaulted.   *Shinn v. Ramirez*, 596 U.S. 366, 377–79

(2022); *Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979).   Exhaustion requires that the

issue be presented to the state's highest court and considered on the merits.   *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842–45 (1999).   "Put another way, Petitioner cannot directly seek

federal court review of a state prison administrative grievance—as a matter of federal law, and

based on principles of federalism and comity—without going through the state court system."

*Urias v. Soto*, No. CV 15-772, 2015 WL 3901653, at *2 (C.D. Cal. June 18, 2015).

Billips contends that he is entitled to raise his issues at any time before any court

because his sentence was void from the outset and that his issues "arose after [his] appeal

process was completed" on his 2008 criminal convictions.   (Dkt. 1 at 6–7, 10; Dkt. 19 at 1.)

These contentions, however, do not excuse his failure to exhaust.   No matter the claimed

issue with his sentence, Billips must present claims of any and all types to the Virginia state court system either through a direct appeal or through a state court habeas proceeding prior to seeking habeas relief in federal court unless one of the limited exceptions applies. Billips has not contended that the state court process was unavailable to him or would have been ineffective as to his *Miller* claims. The fact that his direct appeal of his criminal conviction was concluded at the time his *Miller* claims arose does not excuse his obligation to file a state court habeas petition asserting his *Miller* claims prior to seeking federal relief.

### B. Billips's Claims Under *Miller* Are Time-Barred

Additionally, Billips's claims pursuant to *Miller* suffer from another deficiency—they were not filed on time. The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establish a one-year limitation period for prisoners seeking federal habeas relief. Specifically, under 28 U.S.C. § 2244, a one-year statute of limitations applies to "a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also* Rule 3(c) of the Rules Governing Section 2254 Cases. As pertinent here, the one-year statute of limitations began to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Billips's contention that he may bring a *Miller* challenge at any time in any court because his initial sentence was void *ab initio* (Dkt. 20 at 2; Dkt. 34 at 9; Dkt. 1 at 5) is not correct. Challenges to sentences based upon *Miller* are still subject to applicable statutes of limitation. *See In re Rosado*, 7 F.4th 152, 157 (3d Cir. 2021) ("*Miller* came down in 2012. So Rosado had

to file by 2013.   But he filed his federal petition in 2018.   And he filed his state habeas (PCRA) petition in 2016, almost four years after *Miller*.   So statutory tolling (while timely state petitions are pending) does not save him.").   Accordingly, Billips had until June 25, 2013, to file a petition for a writ of habeas corpus asserting the right initially recognized in *Miller*.   Even were the court to use the date of the *Montgomery* decision, Billips would have needed to file his claim in 2017 (assuming he had exhausted in state court prior).   Consequently, Billips's *Miller* claims contained in Claims 1 and 2 of the present federal petition filed on December 19, 2024, are time-barred as they were filed many years too late.   Billips presented no facts that would support a claim that his failure to pursue his claims timely should be excused.   He provided no explanation for why he was unable to present his claims timely (other than the fact that *Miller* was decided after his appeal concluded, which does not obviate the requirement that he timely present his claims **after** *Miller* was decided).

Furthermore, any *Miller* violation is cured when the inmate is considered for parole. *Montgomery*, 577 U.S. at 212 ("Giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole.   A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.").   According to his allegations, Billips has been considered for parole multiple times and, to date, denied parole.   Therefore, Billips's claims also would fail on their merits.

### C.  Billips's Parole-Based Claims as Asserted in Claims 2 and 3 Also Fail

Billips also challenges the parole board's denial of his parole.   Specifically, in Claim 2, the Petition references the parole board's denial of parole based upon "false hearings and

information provided by 'rogue' officers" in claimed violation of the Fourteenth Amendment guarantee of due process. (Dkt. 1 at 7.) Claim 3, in its entirety, states: "[t]he Va. Parole Board is using false information to deny parole which eliminates 'a meaningful opportunity of release' as *Miller v. Alabama* states and *Graham v. Florida.*" (*Id.* at 8.) Billips further explains "Claim 3" in Dkt. 20, stating that he was falsely accused of writing a threat to the prison warden "without the due process of a disciplinary hearing," (Dkt. 20 at 3 (emphasis removed)), and that the "bogus charge" has been considered by the parole board in denying him parole. (*Id.*; *see also* Dkt. 34 at 6.) Dkt. 22 explains that Billips also contends that the parole board's consideration of the seriousness of his offense violates the principles of *Graham v. Florida*, 560 U.S. 48 (2010). (*See* Dkt. 22.) *Graham* forbids sentences for juvenile offenders of life without parole for nonhomicide crimes. 560 U.S. at 82. It does not provide guidelines for the conduct of a parole hearing. Any claim pursuant to *Graham* directly (*i.e.*, a claim that Billips's sentence itself violated *Graham*) is time-barred for the same reasons Billips's *Miller* claims are time-barred.

Nonetheless, Billips argues that consideration of the "serious nature of offen[s]e" in the parole context violates *Graham* because the **only** things that should be considered on a parole determination for an inmate sentenced when he was a minor are his "maturation and rehabilitation." (Dkt. 34 at 4–5.) This is simply not what *Graham* says. This is *Graham*'s holding:

> A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance. It bears emphasis, however, that while the Eighth Amendment prohibits a State from

imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does prohibit States from making the judgment at the outset that those offenders never will be fit to reenter society.

*Graham*, 560 U.S. at 75.

The seriousness of an offense remains a proper consideration for parole. The Supreme Court has explained that a parole determination "must include consideration of what the entire record shows up to the time of the sentence, including the gravity of the offense in the particular case." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 15 (1979). Additionally, the Fourth Circuit has held that reliance on the serious nature of the offense is constitutionally valid and therefore is a constitutionally sufficient reason for denying discretionary parole. *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986); *Smith v. Hambrick*, 637 F.2d 211, 212–13 (4th Cir. 1980) (upholding denial of parole for inmate convicted as a minor despite his good behavior because of the seriousness of his offense). So *Graham* does not provide support for Billips. Nonetheless, Billips still contends that he has been denied parole because of a wrongful disciplinary conviction in violation of the Due Process Clause of the Fourteenth Amendment.

Billips contends that his admitted lack of exhaustion of this claim in state court should not foreclose his request for federal habeas relief because the state court system would likely have dismissed any such claim (had it been asserted) under its case law. (*See* Dkt. 34 at 9.) The Virginia Supreme Court in *Carroll v. Johnson* held that denials of parole "are not proper matters for habeas corpus jurisdiction" because such denials only "tangentially affect an

inmate's confinement." 685 S.E.2d 647, 694 (Va. 2009). Following *Carroll*, the Virginia Supreme Court summarily dismisses habeas petitions challenging parole denials on a regular basis. *See, e.g.*, *Berry v. Va. Dep't Corr.*, No. 1:22cv1302, 2024 WL 1376214, at *8 (E.D. Va. Mar. 28, 2024) (recognizing that the Supreme Court of Virginia dismissed petitioner's state habeas petition because it was "of the opinion that petitioner's claims concerning the denial of discretionary parole are not cognizable in a petition for a writ of habeas corpus").

So the question then arises, does a federal habeas petitioner need to exhaust such a claim in state court if the outcome (dismissal of any asserted claims) is fairly certain? Defendant answers that question affirmatively and argues that Billips should be required to have presented the claims nonetheless because the state court could have changed its mind or distinguished his case. (Dkt. 28 at 2–3.)

The law on whether an anticipated state court dismissal constitutes futility excusing exhaustion is surprisingly unsettled. As one federal court observed: "Fifteen years after *Caroll* [sic], it remains unclear whether such dismissals constitute an 'absence of available State remedies' or a circumstance that 'render[s] such process ineffective to protect the rights of the applicant,' such that it excuses exhaustion." *Smith v. Dotson*, No. 2:24-cv-247, 2024 WL 5444304, at *2–3 (E.D. Va. Nov. 19, 2024) (citing 28 U.S.C. § 2254(b)(1)(B) and collecting case law with opposing holdings), *report and recommendation adopted*, 2025 WL 696358 (E.D. Va. Mar. 3, 2025). The court here notes that this case seems a particularly appropriate case in which to require exhaustion as it implicates two levels of exhaustion during which evidence would be generated: one at the disciplinary level to challenge the allegedly "bogus conviction" and one at the state court level for the habeas claims. *Cf. Martin v. Ray*, No. 5:24-CV-18, 2024

WL 1750747, at *4 (N.D.W. Va. Mar. 5, 2024) (finding exhaustion required for a federal prisoner's habeas claim because it would promote the important policies "which underlie the exhaustion principle," including the opportunity for the prison entity to develop the necessary factual background upon which the petitioner's claim is based, to exercise its discretion and apply its expertise, to conserve judicial resources, to discover and correct its own possible error, and to "avoid the deliberate flouting of the administrative process"), *report and recommendation adopted*, 2024 WL 1745048 (N.D.W. Va. Apr. 23, 2024).

But determining the question of whether to require exhaustion when a state court dismissal is anticipated is not necessary to reach a decision on this motion to dismiss.   Courts may deny a § 2254 petition on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."   28 U.S.C. § 2254(b)(2). Accordingly, the court will consider the merits of Billips's due process claim.

Billips has not established any viable claim that his due process rights were implicated in the parole process.   Virginia's parole system is a discretionary one.   "[B]ecause parole release proceedings are not part of a criminal prosecution, a prisoner is not entitled to the full panoply of rights accorded a defendant at trial.   Instead, the prisoner's rights must be determined by balancing the importance to him of specific safeguards against the burden on the government."   *Franklin v. Shields*, 569 F.2d 784, 791 (4th Cir. 1977) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)).   In balancing the interests of the prisoner and the government, the Fourth Circuit determined that "the minimum requirements of procedural due process appropriate for the circumstances must be observed."   *Id.* at 790 n.17 (quoting *Wolff*, 418 U.S. at 558).   The Fourth Circuit subsequently held that, at most, such minimal

procedures would include providing the prisoner with a reason for the denial of parole. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996); *Bloodgood*, 783 F.2d at 473. Billips does not allege that the Board failed to provide reasons for the parole denial or that the Board failed to publish procedures or guidelines. Accordingly, he has not presented any allegations that would entitle him to habeas relief regarding the parole process. *See Robinson v. Clarke*, No. 2:11cv00412, 2012 WL 604033, at *5–6 (E.D. Va. Feb. 23, 2012) (dismissing similar claim).

Billips's Petition was not framed as a challenge to the underlying disciplinary conviction, although he claims he was falsely accused of the behavior that supported the disciplinary conviction and denied due process in connection with the disciplinary hearing process. (Dkt. 20 at 3.) Even if he had asserted a direct challenge to the disciplinary conviction itself, such a claim would not establish a plausible entitlement to federal habeas relief either as that claim was required to be exhausted (both at the institutional level and by challenging the conviction in state court prior to seeking federal review). *See Adams v. Clarke*, No. 7:21cv00431, 2022 WL 4451336, at *3–4 (W.D. Va. Sept. 23, 2022) (dismissing habeas petition for lack of state court exhaustion of claim that challenged disciplinary conviction).

Therefore, none of Billips's claims indicate a viable basis upon which federal habeas relief could be granted. Accordingly, the court **DISMISSES** this action without prejudice to Billips's right to pursue the state court relief that could be available to him, if any.

Billips recently filed a request for counsel and for oral argument. (Dkts. 35, 36.) As this action is being dismissed, there is no ongoing need to appoint counsel. Billips represented his positions capably, and neither his indigency nor incarceration are themselves sufficient factors to warrant the appointment of counsel in a non-criminal case. Likewise,

oral argument would not aid the court in its decisional process.    Accordingly, the court

**DENIES** these requests.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order

to Billips.

**ENTERED** this 29th day of September, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE